# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN MERRILL, : | |
| : | Civil No. 1:13-CV-2061 |
| Plaintiff : | |
| : | (Judge Jones) |
| v. : | |
| : | (Magistrate Judge Carlson) |
| UNITED STATES OF AMERICA, : | |
| : | |
| Defendant : | |

## REPORT AND RECOMMENDATION

### I.     Statement of Facts and of the Case

The *pro se* plaintiff, John Merrill, is a federal prisoner who was housed at the United States Penitentiary, Canaan in 2011, and has now sued the United States. In his complaint, Merrill alleged that in June of 2011 the prison served inmates chicken fajitas. (Doc. 1.) According to the plaintiff, the chicken was bad, and was tainted with salmonella bacteria. (Id.) Consequently, the plaintiff contracted food poisoning, and suffered excruciating pain and symptoms which included headaches, diarrhea, abdominal pains, nausea, chills, vomiting, inability to eat and profuse sweating. (Id.) Alleging negligence and deliberate indifference on the part of the prison in the preparation and service of this food, the plaintiff seeks damages from the United States pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2675, *et seq.,* and as a Bivens constitutional tort action.

On December 9, 2013, the defendant filed a motion to dismiss this complaint. (Doc. 15.) This motion, in part, argued that the plaintiff had failed to exhaust his administrative remedies within the prison before filing this lawsuit, something that prisoner plaintiffs are required by the FTCA to do as a prerequisite to seeking relief in federal court. (Id.) In support of this motion, the defendant provided a declaration by a paralegal employed by the Bureau of Prisons attesting to the fact that the Bureau of Prisons has no record of receiving an administrative tort claim from the plaintiff. (Doc. 16-1.)

The plaintiff then responded to this motion raising a factual challenge to subject matter jurisdiction in a fashion which, in our view, created a question of fact relating to his compliance with this exhaustion requirement. Specifically, the plaintiff submitted a declaration which asserts that he completed an administrative tort claim in February 2013, during a prison lock-down at the institution. (Doc. 20.) According to Merrill, due to the conditions at the prison during this lock down he was unable to make a copy of the administrative tort claim, but instead was required to simply provide the claim to unit staff for forwarding to the Bureau of Prisons Regional office in Philadelphia. (Id.) After waiting six months for a response from that office, the period prescribed by statute, and having not received a response, the plaintiff then proceeded to file this complaint. (Id.)

In response to this factual assertion by the plaintiff, the defendant filed a reply brief, albeit a reply brief which did not address in any fashion this factual claim by Merrill that he forwarded an administrative claim to the Bureau of Prisons through prison staff during a prison lock down. (Doc. 21.) Instead, the defendant simply asserted that Merrill had the burden of proof on the issue of exhaustion, and argued that he had failed to meet his burden of proof in this case. (Id.)

Thus, in this case we were presented with a factual dispute regarding whether, and to what extent, Merrill had attempted to exhaust his administrative remedies. This factual dispute was presented to us on a sparse record, where the plaintiff swore that he submitted an administrative tort claim to the Bureau of Prisons through staff during a prison lock down, but the Bureau of Prisons legal office simply attested that it had no record of receiving that claim. On this contested, and incomplete, factual record, we concluded that the question of whether the plaintiff exhausted his administrative remedies could not be determined without further factual proof, and an assessment of the credibility of the plaintiff's claims, something which could not be done on the present, incomplete, factual record. Therefore, we recommended that this motion to dismiss be denied with respect to this exhaustion claim, and the issue of exhaustion of administrative remedies be deferred for further consideration on a complete factual record.

In reaching this recommendation we expressly relied, in part, upon directly applicable case law involving factual challenges to subject matter jurisdiction in FTCA litigation. In particular, we relied upon Moyer Packing Co. v. United States, 567 F. Supp. 2d 737, 748 (E.D. Pa. 2008), an FTCA case in which the court held that when presented with such a fact-bound jurisdictional challenge are cautioned that:

> A factual challenge contests the existence of subject matter jurisdiction, apart from any pleadings. Id. In reviewing a factual challenge, the court "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case," even where disputed material facts exist. Mortensen, 549 F.2d at 891. In a factual challenge, the plaintiff has the burden of persuasion to show that jurisdiction exists. Gould, 220 F.3d at 178; Mortensen, 549 F.2d at 891. If the defendant presents evidence contesting any allegations in the pleadings, the presumption of truthfulness does not attach to the plaintiff's allegations and the plaintiff may present facts by affidavit or deposition or in an evidentiary hearing. Gould, 220 F.3d at 177; Mortensen, 549 F.2d at 891, 893 n. 18. *"[I]f there is a dispute of material fact, the court must conduct a plenary trial on the contested facts prior to making a jurisdictional determination."* Gould, 220 F.3d at 177.

Moyer Packing Co. v. United States, 567 F. Supp. 2d 737, 748 (E.D. Pa. 2008) (emphasis added).

The district court adopted this Report and Recommendation, and denied this motion to dismiss without prejudice to the resolution of this issue on a more fully documented motion for summary judgment, or through a plenary trial on the contested facts prior to making a jurisdictional determination. (Doc. 26.)

The defendant then filed a motion to reconsider this ruling. (Doc. 28.) This motion to reconsider advances a curious argument. Despite the fact that we expressly relied upon directly applicable case law involving factual challenges to subjective matter jurisdiction in FTCA litigation, Moyer Packing Co. v. United States, 567 F. Supp. 2d 737, 748 (E.D. Pa. 2008), to conclude that further factual development of the record was necessary here, the defendant erroneously asserts that we had confused exhaustion under the FTCA with PLRA exhaustion, and had exclusively relied upon cases that were wholly unrelated to the FTCA to reach our recommendation.

Since this defense assertion which forms the lynchpin of this motion to reconsider is incorrect, and the requirement that the defendant factually support factual challenges to subject matter jurisdiction under the FTCA is a well-settled legal principle, it is recommended that this motion to reconsider be denied.

## II. Discussion

### A. The Defendant's Motion to Reconsider Should Be Denied

The legal standards that govern motions to reconsider are both clear, and clearly compelling. "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Typically such a motion should only be granted in three, narrowly defined circumstances, where there is either: "(1) [an] intervening

change in controlling law, (2) availability of new evidence not previously available, or (3) need to correct a clear error of law or prevent manifest injustice". Dodge v. Susquehanna Univ., 796 F.Supp. 829, 830 (M.D. Pa. 1992). As the United States Court of Appeals for the Third Circuit has aptly observed:

> "The purpose of a motion for reconsideration ... is to correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Café, 176 F.3d at 677 (quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir.1985)). "Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Id. (citation omitted).

Howard Hess Dental Laboratories Inc. v. Dentsply Intern., Inc., 602 F.3d 237, 251 (3d Cir. 2010).

Thus, it is well-settled that a mere disagreement with the court does not translate into the type of clear error of law which justifies reconsideration of a ruling. Dodge, 796 F.Supp. at 830. Furthermore, "[b]ecause federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Continental Casualty Co. v. Diversified Indus., Inc., 884 F.Supp. 937, 943 (E.D. Pa. 1995). Moreover, it is evident that a motion for reconsideration is not a tool to re-litigate and reargue issues which have already been considered and disposed of by the court. Dodge, 796 F.Supp. at 830. Rather, such a motion is appropriate only where the court has misunderstood a party or where there has been a significant change in

law or facts since the court originally ruled on that issue. See Above the Belt, Inc. v. Mel Bohannon Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983).

Here, the defendant has filed a motion to reconsider our prior Report and Recommendation in this case. That prior Report and Recommendation rested on the legally unremarkable proposition that a party making a factual challenge to subject matter jurisdiction under the FTCA must factually support that claim of lack of subject matter jurisdiction. According to the defendant our application of this straightforward legal principle to the factual uncertainty in this case was clear error, and reflected a fundamental confusion regarding the application of this legal tenet to FTCA cases.

This motion should be denied since we clearly were not confused regarding the application of this principle to FTCA cases, as the defendant suggests. Rather it may be the defendant who is confused here since we actually relied in large measure upon cases involving factual challenges to FTCA subject matter jurisdiction in our prior Report and Recommendation. Thus, in that Report and Recommendation we noted that the defendant had moved to dismiss this FTCA claim, in part, for failure to exhaust pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Rule 12(b)(1), which permits the dismissal of an action for "lack of subject matter jurisdiction." We observed that it has long been held that a Rule 12(b)(1) motion may be treated as either a facial or factual challenge to the court's subject matter jurisdiction. See Mortensen v. First Fed. Sav. and Loan Ass'n, 549 F.2d 884, 891 (3d

Cir.1977). In reviewing a facial attack, we noted the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff. See id.; PBGC v. White, 998 F.2d 1192, 1196 (3d Cir.1993). In contrast, when reviewing a factual attack, we held that the court may consider evidence outside the pleadings. See Gotha v. United States, 115 F.3d 176, 178-79 (3d Cir.1997) (FTCA action, motion to dismiss for lack of subject matter jurisdiction, citing Mortensen, 549 F.2d at 891). Gould Electronics Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000)(footnote omitted) holding modified on other gr'ds by Simon v. United States, 341 F.3d 193 (3d Cir. 2003). In reaching this judgment, we explicitly relied upon caselaw applying this principle to FTCA litigation. See Gotha v. United States, 115 F.3d 176, 178-79 (3d Cir.1997).

We then found that the defendant's motion to dismiss plainly presented a factual attack upon subject matter jurisdiction, since it argued as a factual matter that this Court lacks jurisdiction over this claim due to the fact of the plaintiff's failure to exhaust his administrative remedies. It was this factual assertion that the plaintiff contradicted and contested in ways which created a dispute as to material facts. Presented with this fact-bound, and factually contested, jurisdictional challenge under the FTCA we observed–consistent with other FTCA caselaw–that:

> A factual challenge contests the existence of subject matter jurisdiction, apart from any pleadings. Id. In reviewing a factual challenge, the court "is free to weigh the evidence and satisfy itself as to the existence of its

> power to hear the case," even where disputed material facts exist. Mortensen, 549 F.2d at 891.  In a factual challenge, the plaintiff has the burden of persuasion to show that jurisdiction exists.  Gould, 220 F.3d at 178; Mortensen, 549 F.2d at 891.  If the defendant presents evidence contesting any allegations in the pleadings, the presumption of truthfulness does not attach to the plaintiff's allegations and the plaintiff may present facts by affidavit or deposition or in an evidentiary hearing. Gould, 220 F.3d at 177; Mortensen, 549 F.2d at 891, 893 n. 18.  *"[I]f there is a dispute of material fact, the court must conduct a plenary trial on the contested facts prior to making a jurisdictional determination."* Gould, 220 F.3d at 177.

Moyer Packing Co. v. United States, 567 F. Supp. 2d 737, 748 (E.D. Pa. 2008)(FTCA case, motion to dismiss for lack of subject matter jurisdiction, emphasis added).

Since the legal proposition which we relied upon– the idea that a party making a factual challenge to subject matter jurisdiction under the FTCA must factually support this claim of lack of subject matter jurisdiction–is one that clearly applies to FTCA cases, see, e.g., Gotha v. United States, 115 F.3d 176, 178-79 (3d Cir.1997); Moyer Packing Co. v. United States, 567 F. Supp. 2d 737, 748 (E.D. Pa. 2008), and we actually directed the parties' attention to these FTCA cases in our Report and Recommendation, the defendant errs in this motion to reconsider when the defendant suggests that we did not consider FTCA caselaw, and relied exclusively on case authority outside the FTCA context in arriving at this recommendation.  Given that this mistaken claim of legal error formed the basis for this motion to reconsider, the defendant simply has not met the exacting threshold for a motion to reconsider by showing "the need to correct a clear error of law or fact or to prevent manifest

injustice." Howard Hess Dental Laboratories Inc. v. Dentsply Intern., Inc., 602 F.3d 237, 251 (3d Cir. 2010). Therefore, the motion to reconsider should be denied.

### III. Recommendation

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the defendant's motion to reconsider the motion to dismiss the plaintiff's FTCA claims on exhaustion grounds, (Doc. 28.), be DENIED without prejudice to resolution of this issue on a more fully documented motion for summary judgment, or through a plenary trial on the contested facts prior to making a jurisdictional determination.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 23d day of July, 2014.

                                              ***S/Martin C. Carlson***
                                              Martin C. Carlson
                                              United States Magistrate Judge