IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN MERRILL, | : | 1:13-cv-2061 |
| | : | |
| Plaintiff, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Defendant. | : | |

**<u>MEMORANDUM</u>**

**May 5, 2015**

On April 20, 2015, following Plaintiff's failure to appear at a telephonic pretrial conference scheduled on that date, we issued a Rule to Show Cause why this matter should not be dismissed for his failure to prosecute pursuant to Fed. R. Civ. P. 41(b). (Doc. 62). That time period has elapsed, and the Plaintiff has not contacted the Court in any fashion. Accordingly, for the reasons that follow, we shall dismiss the matter pursuant to Fed. R. Civ. P. 41(b) based on Plaintiff's failure to prosecute.

**I.   DISCUSSION**

Rule 41(b) of the Federal Rules of Civil Procedure authorizes a court to dismiss a civil action for failure to prosecute, stating that: " If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to

dismiss the action or any claim against it." F. R. Civ. P. 41(b). Decisions regarding dismissal of actions for failure to prosecute rest in the sound discretion of the Court, and will not be disturbed absent an abuse of that discretion. *Emerson v. Thiel College,* 296 F.3d 184, 190 (3d Cir. 2002)(citations omitted). That discretion, however, while broad is governed by certain factors, commonly referred to as *Poulis* factors. As the United States Court of Appeals for the Third Circuit has noted:

> To determine whether the District Court abused its discretion [in dismissing a case for failure to prosecute], we evaluate its balancing of the following factors: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. *Poulis v. State Farm Fire and Cas. Co.,* 747 F.2d 863, 868 (3d Cir.1984).

*Emerson,* 296 F.3d at 190. Recognizing the broad discretion conferred upon the district court in making judgments weighing these six factors, the court of appeals has frequently sustained such dismissal orders where there has been a pattern of dilatory conduct by a *pro se* litigant who is not amenable to any lesser sanction. *See, e.g., Emerson v. Thiel College, supra; Tillio v. Mendelsohn,* 256 F. App'x 509

(3d Cir. 2007); *Reshard v. Lankenau Hospital,* 256 F. App'x 506 (3d Cir. 2007); *Azubuko v. Bell National Organization,* 243 F. App'x 728 (3d Cir. 2007).

In this case, a dispassionate assessment of the *Poulis* factors weighs heavily in favor of dismissing this action. At the outset, a consideration of the first *Poulis* factor, the extent of the party's personal responsibility, shows that the delays in this case are entirely attributable to the Plaintiff, who has failed to appear at a pretrial conference and has failed to abide by our Order requiring him to show cause why this matter should not be dismissed. Similarly, the second *Poulis* factor– the prejudice to the adversary caused by the failure to abide by court orders–also calls for dismissal of this action. The Plaintiff's failures to communicate with the Court and comply with court orders now delay the resolution of this action. In such instances, dismissal of the case clearly rests in the discretion of the trial judge. *Tillio v. Mendelsohn*, 256 F. App'x 509 (3d Cir. 2007) (failure to timely serve pleadings compels dismissal); *Reshard v. Lankenau Hospital*, 256 F. App'x 506 (3d Cir. 2007) (failure to comply with discovery compels dismissal); *Azubuko v. Bell National Organization,* 243 F. App'x 728 (3d Cir. 2007) (failure to file amended complaint prejudices defense and compels dismissal).

When one considers the third *Poulis* factor-the history of dilatoriness on the plaintiff's part–it becomes clear that dismissal of this action is now appropriate.

The Plaintiff has now failed to appear at a pretrial conference, thus it is impossible to schedule this matter for trial, and he has failed to show cause why this matter should not be dismissed.[1]

The fourth *Poulis* factor–whether the conduct of the party or the attorney was willful or in bad faith–also cuts against the Plaintiff. At this juncture, when the Plaintiff has failed to comply with instructions of the Court directing the Plaintiff to take specific actions in this case, the Court is compelled to conclude that the Plaintiff's actions are not accidental or inadvertent but instead reflect an intentional disregard for this case and the Court's instructions.

While *Poulis* also enjoins us to consider a fifth factor, the effectiveness of sanctions other than dismissal, cases construing *Poulis* agree that in a situation such as this case, where we are confronted by a *pro se* litigant who will not comply with the rules or court orders,  lesser sanctions may not be an effective alternative. *See, e.g., Briscoe v. Klaus*, 538 F.3d 252, 262-63 (3d Cir. 2008); *Emerson,* 296 F.3d at 191. This case presents such a situation where the Plaintiff's status as a *pro se* litigant severely limits the ability of the court to utilize other lesser sanctions to

---

[1] It is notable that the Plaintiff was released from Bureau of Prisons custody on April 8, 2015.  In an effort to alleviate any cost or burden upon Plaintiff that may have arisen from compelling him to appear in person at the said April 20, 2015 conference, we allowed him the courtesy of calling chambers.  This was to no avail, and since his release from custody, Plaintiff has remained *incommunicado*.

ensure that this litigation progresses in an orderly fashion. In any event, by entering our prior orders, and counseling the Plaintiff on his obligations in this case, we have endeavored to use lesser sanctions, but to no avail. The Plaintiff still declines to obey court orders, and otherwise ignores his responsibilities as a litigant. Since lesser sanctions have been tried, and have failed, only the sanction of dismissal remains available to the Court.

Finally, under *Poulis* we are cautioned to consider one other factor, the meritoriousness of the Plaintiff's claims. In our view, consideration of this factor cannot save the Plaintiff's case from dismissal. Indeed, the question of whether the Plaintiff exhausted his administrative remedies is not settled and, moreover, the Government strenuously contests the merits of the matter. However, the Court has granted the Plaintiff leave to show cause why this matter should not be dismissed and he disregarded this opportunity to save his case. Thus, we find that all of the *Poulis* factors call for dismissal of this case, and an appropriate dismissal order shall issue.